(Hamilton County Common Pleas.)
February, 1896.

PEASE, ASSIGNEE v. SCHUH et al.

An assignor can not claim homestead exemption against a fund distributable under a mortgage that has been decreed to inure to the benefit of all his creditors.

(See decision of Hamilton County Court of Insolvency to same effect in same case, 2 Nisi Prius, 380.)

SAYLER, J.

Frank J. Schuh was the owner of a piece of real estate upon which a building association held a mortgage. He and his wife executed a second mortgage to Anthony Schuh to secure a debt of $500 to the mortgagee and a debt of $200 due to another creditor. Frank J. Schuh thereupon made an assignment for the benefit of creditors.

The assignee brought a proceeding to sell the real estate in which Anthony Schuh set up his mortgage claim. The property was sold under a decree, and a

decree of confirmation and distribution was entered, distributing in costs, taxes, and the building association mortgage all of the proceeds, leaving a balance of probably from $500 to $700, which the assignee holds for further order.

Thereupon a decree was entered in said case in which the court found that the mortgage to Anthony Schuh was given to secure an indebtedness to Anthony Schuh and a second indebtedness to another creditor, and was made by Frank J. Schuh when insolvent and in contemplation of making an assignment for the benefit of creditors, and that the said mortgage was an assignment in trust to a trustee made with intent to prefer creditors of said Frank J. Schuh, and ordered that the proceeds of sale of the property sold distributable under said mortgage inure to the equal benefit of all creditors, etc.

Thereupon Frank J. Schuh filed a motion for an allowance in lieu of a homestead.

The question is, does he have the right to an exemption as against the rights of the creditors under the mortgage so decreed to be for their benefit?

It is claimed on the part of Frank J. Schuh, that when the mortgage was declared to be for the benefit of all creditors under sec. 6343, that the trust arising under the same shall be administered in conformity with the provisions of that chapter, and that under sec. 648, the right of homestead exists unless expressly waived, and as there is no waiver in the mortgage, the right exists under sec. 5440, in any surplus remaining after payment of the costs, taxes and the building association mortgage.

The contention is, that when the court decreed the Schuh mortgage to inure to all creditors, it became a deed of assignment, and that as against a deed of assignment the assignor has the right to homestead unless expressly waived.

I think the mortgage was in "substance and legal effect an assignment within the provisions of that act" (4 Ohio St., 57), but the court adds, "and the mortgagee being a trustee for such other creditor, under the act became a trustee for all the creditors of the mortgagor;" that is, as I take it, the mortgagee must account to all the creditors for what he may receive under the mortgage, and not only to the "other creditor." But for what shall he account? Has the mortgagor any greater right as against all the creditors than as against the right of the "other creditor?"

In Brown v. Webb, 20 Ohio, 389, a mortgage was held to inure to the benefit of all the creditors under sec. 3, of the act of 1838, which is in this respect similar in its provisions to sec. 6343. In speaking of the effect of such holding, Judge Caldwell, says: "But that would not vitiate the mortgage so as to render it a nullity; the statute merely gives such assignments a particular direction; it does not avoid them; it makes an assignment that was intended for the benefit of one or more creditors exclusively to inure to the benefit of al the creditors."

This statement of the law is, I think, recognized as the law of Ohio to-day. Brown v. Webb is cited, explained, etc., in 1 Ohio St., 267; 3 Ohio St. 262, 263; 29 Ohio St., 285, but this is not modified.

Clearly the mortgage, as against the mortgagor, stands good, but the mortgagee must share with all the creditors. If the mortgage stands, the mortgagor has no right of homestead as against the mortgagee, and if not, then he can have no right of homestead as against the mortgagee and the creditors with whom the mortgagee must share the proceeds.

The plaintiff in error cites cases in which conveyances made with intent to hinder, etc., creditors were declared void under sec. 6344, and in which it is held that, after the conveyance is declared void, the grantor is entitled to homestead. But I think the reason of these decisions is well stated in 14 Ohio St., 300: "As between creditor and debtor, the deed is simply void, and cannot therefore affect the rights of either." Therefore, I do not think these cases are in point.

I do not think Frank J. Schuh is entitled to an allowance in lieu of homestead.

Max B. May, for Assignor.

C. R. Holterhoff, for Creditors.